IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYNER B., § § | |
| Plaintiff, § § | |
| v. § | No. 3:17-CV-2137-D (BT) |
| § | |
| NANCY A. BERRYHILL, § § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rayner B.[1] brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration denying his claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. For the following reasons, the Commissioner's decision should be REVERSED, and this case should be REMANDED for further administrative proceedings.

## Background

Plaintiff alleges that he is disabled due to elevated liver enzymes and a variety of mental problems including bipolar disorder, depression, anxiety,

---

[1] Pursuant to the May 1, 2018 Memorandum Re: Privacy Concerns issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

insomnia, and dyslexia. *See* Tr. 63 [ECF No. 13-1]. After Plaintiff's benefits application was denied initially and upon reconsideration, a hearing was held on April 27, 2016, in Dallas, Texas, before an Administrative Law Judge (the "ALJ"). *See* Tr. 33. Plaintiff was 43 years old at the time of the hearing. *See* Tr. 33, 37 & 63. Plaintiff has less than a high school education; he was expelled from school when he was in the eleventh grade and attended an alternative school only for a semester. *See* Tr. 50. He has past work experience as a janitor, driver helper, messenger, and service advisor. *See* Tr. 56, 71.

  The ALJ issued his decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from Plaintiff's alleged onset date of December 12, 2013[2] through the date of the decision on July 29, 2016. *See* Tr. 25 & 64. The ALJ determined Plaintiff suffers from anxiety and affective disorder/depression and that such impairments are severe, but Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. *See* Tr. 16, 17. The ALJ further determined that

---

[2] The ALJ's statement in the beginning of his decision that Plaintiff's alleged onset date was December 1, 2011 appears to be a typographical error, because the ALJ states at the end of his decision that Plaintiff has not been under a disability from December 12, 2013, which is the date reported by Plaintiff as his alleged onset date in the Disability Determination Explanation. *See* Tr. 16, 25 & 63. The ALJ also states later in his decision that Plaintiff was 40 years old on the alleged disability onset date. *See* Tr. 23.

2

Plaintiff had the Residual Functional Capacity ("RFC") to perform the full range of work at all exertional levels with the following non-exertional limitations: (1) perform only simple 1-2 step tasks; (2) able to concentrate on tasks for only 2 hours at a time and keep up with the pace on such tasks; (3) have no contact with the public; (4) have no work that requires performance in tandem with others; and (5) have only occasional contact with supervisors. *See* Tr. 19. The ALJ determined that Plaintiff could not perform his past relevant work. *See* Tr. 23, 56 & 71. However, Plaintiff could work as a patcher, hand packager, and small products assembler—occupations that the vocational expert testified an individual with Plaintiff's limitations could perform. *See* Tr. 24 & 58-59.

Plaintiff appealed the ALJ's decision to the Appeals Council, and on June 19, 2017, the Appeals Council affirmed the ALJ's decision. *See* Tr. 1. Plaintiff then filed this action in federal district court on August 14, 2017. *See* Compl. [ECF No. 1].

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or

3

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the

4

Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## Analysis

Plaintiff argues that the ALJ committed reversible error by rejecting the medical opinion of Dr. Lawrence Sloan, the consultative psychologist who examined Plaintiff at the agency's request, and deriving Plaintiff's RFC without

6

reference to any supporting medical opinion. *See* Pl.'s Br. 1 [ECF No. 15]. Among other things, Dr. Sloan opined that Plaintiff was: (1) "unable to sustain concentration and persist in work-related activity and maintain a reasonable pace;" (2) "unable to maintain effective social interaction on a consistent and independent basis, with supervisors, co-workers, and the public;" and (3) "unable to deal with normal pressures in a competitive work setting." Pl.'s Br. 8; Tr. 416. However, the ALJ rejected these opinions and instead determined that Plaintiff could: (1) concentrate on tasks for extended periods of 2 hours at a time; (2) keep up with the pace on such tasks; (3) have occasional contact with supervisors; and (4) adjust to routine changes in the work setting. *See* Tr. 19. Plaintiff argues that the ALJ improperly substituted his own judgment for medical opinion evidence in determining Plaintiff's RFC. Pl.'s Br. 1.

The Commissioner responds that the ALJ properly evaluated Dr. Sloan's opinion when assessing Plaintiff's RFC and that what Plaintiff characterizes as the ALJ substituting his own opinion was actually the ALJ properly analyzing the medical evidence in order to determine Plaintiff's ability to work. *See* Resp. 5 (citing *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2013)). The Commissioner argues that the ALJ ultimately rejected Dr. Sloan's opinion, because the Metrocare records provided a longitudinal view of Plaintiff's condition, as opposed to Dr. Sloan's one time snapshot, and because Dr. Sloan's

7

opinion conflicted with the improvements demonstrated by the treatment records. *See* Resp. 6 (citing Tr. 23, 376-411, 419-25, 444-70).

In *Ripley v. Chater*, the Fifth Circuit explained:

> The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. . . . The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions . . . on his ability to perform sedentary work.

*Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). Thus, an ALJ cannot derive a claimant's RFC without the support of a medical opinion regarding the effect of the plaintiff's impairment on the plaintiff's ability to work. *See Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) ("In *Ripley*, we held that an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions.");

"Under the Social Security regulations, an ALJ is required to consider State Agency physician opinions because these State Agency physicians are experts in Social Security disability evaluation." *Futrell v. Berryhill*, 2017 WL 1214488, at *6

8

(N.D. Tex. Mar. 16, 2017) (citing 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i)). Here, the only basis provided by the ALJ for disagreeing with Dr. Sloan's opinion was the ALJ's own perception that the Metrocare records showed improvement, but the ALJ never specifically indicated what led him to believe that there was an improvement, or whether the improvement was related to an increase in Plaintiff's ability to work. The ALJ's perception of an improvement from the Metrocare records is not a medical opinion, and there is no medical opinion that suggests that the change perceived by the ALJ represented an actual improvement in Plaintiff's condition or an increase in Plaintiff's ability to work. The Court thus finds that the ALJ erred in determining Plaintiff's RFC based on the ALJ's own interpretation of the medical evidence in conflict with relevant medical opinion evidence. *See Fitzpatrick v. Colvin*, 2016 WL 1258477, at *7 (N.D. Tex. Mar. 31, 2016) ("The ALJ erred in making the RFC determination after rejecting the only medical opinions in the record that addressed the effect of Fitzpatrick's mental impairments on his ability to work." (citing *Thornhill v. Colvin*, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015))); *Thornhill*, 2015 WL 232844, at *10 ("The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. . . . While the ALJ may choose to reject medical sources' opinions, he cannot then independently

9

decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley*[.]" (citing *Ripley*, 67 F.3d at 557-58; *Williams*, 355 F. App'x at 831-32)).

The ALJ's statement that "a review of the claimant's objective findings and reports of improvement noted above during his Metrocare visits establish otherwise on a longitudinal treatment basis" does not adequately support the conclusion that Plaintiff was not disabled because the ALJ cannot "rel[y] on progress notes that do not themselves address Plaintiff's work limitations." *See Thornhill*, 2015 WL 232844, at *10; Reply 2; Tr. 23. Furthermore, the ALJ's statement that he "considered opinion evidence in accordance with 20 C.F.R. 404.1527 and 416.927; and SSRs 96-2p, 96-5p, and 96-6p" lacks specificity, and "cursory, boilerplate language about carefully considering the entire record does not constitute an explanation for rejecting a medical opinion." *See* Pl.'s Br. 6; Tr. 23; *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017).

Accordingly, the Court finds that the final decision of the Commissioner is not supported by substantial evidence, because the ALJ derived Plaintiff's RFC without the support of pertinent medical opinions. *See Ripley*, 67 F.3d at 557-58; *Thornhill*, 2015 WL 232844, at *10; *Williams*, 355 F. App'x at 832 n.6.

## Recommendation

The final decision of the Commissioner should be REVERSED, and this case should be REMANDED for further administrative proceedings.

July 30, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).